Egan Jr., J.
(concurring). I reluctantly concur. As found by Family Court and recognized by the majority, respondent exercised poor parental judgment in leaving her 13-year-old daughter in charge of her three- and nine-year-old siblings while simultaneously granting the daughter permission to sleep over at a friend’s house that evening. The net effect of respondent’s decision in this regard was to leave two young children alone in their home overnight — something that no responsible parent would do. There also, in my view, can be no serious question that the shots fired into respondent’s residence later that night placed the children in imminent risk of, at the very least, physical harm — a proposition for which I do not believe expert testimony is required. That said, Family Ct Act § 1012 (f) (i) — as presently written — required petitioner to prove by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]) that the children’s physical condition was impaired, or was in imminent danger of becoming impaired, as a result of respondent’s failure to exercise a minimum degree of care (see Nicholson v Scoppetta, 3 NY3d 357, 368-369 [2004]). As Family Court accurately found, the specific harm to which respondent’s children were *1094 exposed, i.e., the gunfire, cannot on this record be attributed to any action or inaction on the part of respondent, and petitioner presented no other evidence of a generalized risk of impairment created by respondent’s absence. Accordingly, I am constrained to agree that the two-prong test outlined in the statute and discussed in Nicholson has not been met here.
Ordered that the order is reversed, on the law, without costs, and petition dismissed.